AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

Title 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud; Title 18 U.S.C. § 1341 - Mail Fraud; Title 18 U.S.C. § 1343 - Wire Fraud; Title 18 U.S.C. § 1956(a)(1)(A)(I) - Money Laundering - Promotion; Title 18 U.S.C.§ 1957(a) - Money Laundering - Expenditure

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHMENT

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S**
▶ JOSEPH LAWRENCE WILLIAMS

**DISTRICT COURT NUMBER**
CR08-0244 DLJ

FILED
APR 16 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT**

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
}  SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
}  MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   JOSEPH P. RUSSONIELLO
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   STEPHEN G. CORRIGAN, AUSA

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction       } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                    Before Judge:

Comments:

## ATTACHMENT TO PENALTY SHEET FOR JOSEPH LAWRENCE WILLIAMS

**COUNT ONE:  18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud**

    (1)    Imprisonment:    0-20 Years
    (2)    Fine:    $250,000
    (3)    Supervised Release:    3-Year Term
    (4)    Special Assessment:    $100.00

**COUNT TWO: 18 U.S.C. § 1341 - Mail Fraud**

    (1)    Imprisonment:    0-20 Years
    (2)    Fine:    $250,000
    (3)    Supervised Release:    3-Year Term
    (4)    Special Assessment:    $100.00

**COUNTS THREE, FOUR, FIVE:  18 U.S.C. § 1343 - Wire Fraud**

    (1)    Imprisonment:    0-20 Years
    (2)    Fine:    $250,000
    (3)    Supervised Release:    3-Year Term
    (4)    Special Assessment:    $100.00

**COUNT EIGHT: 18 U.S.C. § 1956(a)(1)(A)(I) - Money Laundering - Promotion**

    (1)    Imprisonment:    0-20 Years
    (2)    Fine:    $500,000
    (3)    Supervised release:    3-Year Term
    (4)    Special assessment:    $100.00

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |||
|---|---|---|
| BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING || Name of District Court, and/or Judge/Magistrate Location<br>**NORTHERN DISTRICT OF CALIFORNIA**<br>OAKLAND DIVISION |

**OFFENSE CHARGED**

Title 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud; Title 18 U.S.C. § 1341 - Mail Fraud; Title 18 U.S.C. § 1343 - Wire Fraud; Title 18 U.S.C. § 1956(a)(1)(A)(l) - Money Laundering - Promotion; Title 18 U.S.C.§ 1957(a) -Money Laundering - Expenditure

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHMENT

**DEFENDANT - U.S**

▶ WILLIAM JOSEPH LITTLE, JR.

DISTRICT COURT NUMBER

**CR08-0244 DLJ**

FILED
APR 16 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE
}  SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}  MAGISTRATE CASE NO. _____

Name and Office of Person Furnishing Information on this form   JOSEPH P. RUSSONIELLO
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   STEPHEN G. CORRIGAN, AUSA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

## ATTACHMENT TO PENALTY SHEET FOR WILLIAM JOSEPH LITTLE, JR.

**COUNT ONE: 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud**

    (1)    Imprisonment:    0-20 Years
    (2)    Fine:    $250,000
    (3)    Supervised Release:    3-Year Term
    (4)    Special Assessment:    $100.00

**COUNT SIX: 18 U.S.C. § 1343 - Wire Fraud**

    (1)    Imprisonment:    0-20 Years
    (2)    Fine:    $250,000
    (3)    Supervised Release:    3-Year Term
    (4)    Special Assessment:    $100.00

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

Title 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud; Title 18 U.S.C. § 1341 - Mail Fraud; Title 18 U.S.C. § 1343 - Wire Fraud; Title 18 U.S.C. § 1956(a)(1)(A)(I) - Money Laundering - Promotion; Title 18 U.S.C.§ 1957(a) -Money Laundering - Expenditure

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHMENT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S**

▶ KEITH AARON VANN

DISTRICT COURT NUMBER

CR08-0244 DLJ

FILED
APR 16 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form   JOSEPH P. RUSSONIELLO
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   STEPHEN G. CORRIGAN, AUSA

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

## ATTACHMENT TO PENALTY SHEET FOR KEITH AARON VANN

**COUNT ONE:** 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud

    (1)    Imprisonment:    0-20 Years
    (2)    Fine:    $250,000
    (3)    Supervised Release:    3-Year Term
    (4)    Special Assessment:    $100.00

**COUNT SEVEN:** 18 U.S.C. § 1343 - Wire Fraud

    (1)    Imprisonment:    0-20 Years
    (2)    Fine:    $250,000
    (3)    Supervised Release:    3-Year Term
    (4)    Special Assessment:    $100.00

**COUNTS NINE, TEN, ELEVEN:** 18 U.S.C. § 1956(a)(1)(A)(I) - Money Laundering - Expenditure

    (1)    Imprisonment:    0-10 Years
    (2)    Fine:    $250,000
    (3)    Supervised release:    3-Year Term
    (4)    Special assessment:    $100.00

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: OAKLAND

---

UNITED STATES OF AMERICA,

V.

CR08-0244 DLJ

JOSEPH LAWRENCE WILLIAMS,
WILLIAM JOSEPH LITTLE, JR., and
KEITH AARON VANN,

DEFENDANT(S).

---

## INDICTMENT

Title 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud; Title 18 U.S.C. § 1341 - Mail Fraud; Title 18 U.S.C. § 1343 - Wire Fraud; Title 18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering - Promotion; Title 18 U.S.C.§ 1957(a) -Money Laundering - Expenditure

---

A true bill.

_[signature]_ Deputy   Foreman

Filed in open court this __16__ day of __April__ 2008

_____ Clerk

_[signature] Wayne D. Brazil_   Bail, $ __No bail / arrest warrant for each Defendant__
4/16/08

FILED
2008 APR 16 PM 4:15
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

FILED

2008 APR 16 PM 4: 15

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CR08-0244 DLJ

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. |
| Plaintiff, | Title 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud; Title 18 U.S.C. § 1341 - Mail Fraud; Title 18 U.S.C. § 1343 - Wire Fraud; Title 18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering - Promotion; Title 18 U.S.C.§ 1957(a) -Money Laundering - Expenditure |
| v. | |
| JOSEPH LAWRENCE WILLIAMS, WILLIAM JOSEPH LITTLE, JR., and KEITH AARON VANN, | |
| Defendants. | |

INDICTMENT

The Grand Jury charges:

1. Introduction

At all time material to this indictment and incorporated by reference in all counts:

a. Churches and religious organizations, like many other charitable organizations, may qualify for exemption from federal income tax and are generally eligible to receive tax-deductible contributions, if they meet the following requirements, among others:

(1.) The organization must be organized and operated exclusively for religious, educational, scientific, or other charitable purpose.

(2.) Net earnings may not inure to the benefit of any private individual or

Indictment

Document No.
1
District Court
Criminal Case Processing

shareholder. Internal Revenue Code, Title 26, United States Code, § 501(c)(3).

(3.) Churches that meet the requirements of 501(c)(3) are automatically considered tax exempt and are not required to apply for and obtain recognition of tax-exempt status from the IRS. Attributes of a church, as developed by the IRS and court decisions, include: distinct legal existence; recognized creed and form of worship; definite and distinct ecclesiastical government; formal code of doctrine and discipline; distinct religious history; membership not associated with any other church or denomination; organization of ordained ministers; ordained ministers selected after completed prescribed courses of study; established places of worship; regular congregations; regular religious services; and Sunday schools for the religious instruction of the young.

(4.) Unlike churches, religious organizations that wish to be tax exempt generally must apply to the IRS for tax-exempt status unless their gross receipts do not normally exceed $5,000 annually.

b. Global Missions UN Limited (Global) never applied for tax exempt status with the United States Internal Revenue Service (IRS) under Section 501(c)(3) of the Internal Revenue Code.

c. Wells Fargo Bank, Dublin, California is a financial institution within the meaning of Title 31, United States Code, Section 5312(a)(2)(A).

**COUNT ONE:** 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud and Wire Fraud)

2. Beginning at a time unknown to the Grand Jury, but no later than on or about July 19, 2002, and continuing thereafter to in or about March 2004, in the Northern District of California and elsewhere, the defendants,

>JOSEPH LAWRENCE WILLIAMS,
>WILLIAM JOSEPH LITTLE, JR., and
>KEITH AARON VANN,

did knowingly, combine, conspire and agree to commit offenses against the United States, namely, mail fraud and wire fraud, in violations of Title 18, United States Code, §§ 1341 and 1343.

Indictment

2

Means and Methods of the Conspiracy

3. The objects of the conspiracy were accomplished in substance as follows:

    a. The defendants established a corporation called Global Missions UN Limited (hereafter "Global") which they falsely represented to prospective donors to be a non-profit church that had provided humanitarian aid worldwide, including in Africa.

    b. The defendants falsely represented to prospective donors that:

        (1.) donations to Global were tax deductible and could be applied both to donors' taxes due and owing and to future IRS tax liabilities;

        (2.) if the IRS did not credit the donors with a tax deduction on the full amount of the donation, the defendants would return to the donors their contributions;

        (3.) donations to Global would be used solely for charitable purposes, when in fact the defendants intended to and did use the donations for their own personal benefit;

        (4.) a fictitious person they referred to as "James Preston" was legal counsel for Global and a former IRS employee knowledgeable about the tax consequences of charitable contributions; and

        (5.) they had to donate all of their father's estate to receive a tax deduction from the IRS.

    c. Following a refusal by the IRS to credit the donors with tax deductions for their contributions to Global, the defendants further falsely represented to the donors that the IRS did not recognize the donation as a tax deduction because the donors had failed to donate the whole estate.

    d. The defendants further falsely represented to the donors that the donated funds could not be returned to them because Global was a "corporate sole" and as such could only transfer proceeds from one "corporate sole" to another "corporate sole."

Overt Acts

4. In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the defendants and others committed various overt acts within the Northern District of

Indictment

3

California and elsewhere, including, but not limited to, the following:

    a. On or about July 19, 2002, defendant LITTLE incorporated a business in the State of Nevada called Global Missions Un Limited (Global), identifying defendant WILLIAMS as the Ambassador of Global and LITTLE as defendant WILLIAMS' successor.

    b. Between in or about the end of February and in or about the beginning of March 2003, defendant WILLIAMS met with siblings Joseph S. and Jean O., and others, in Mesa, Arizona, and encouraged them to donate to Global all of their father's estate, including commercial property in Anchorage, Alaska, (Alaska property) having an equitable value greater than $3 million.

    c. Between in or about the end of February and in or about the beginning of March, 2003, defendant WILLIAMS sent by mail a package addressed to Joseph S., in Mesa, Arizona, containing documents, including a donation agreement.

    d. In or about the beginning of March 2003, following the mailing of the package containing a donation agreement and other documents, defendant WILLIAMS caused Joseph S. to mail a package containing the signed donation agreement from Mesa, Arizona, to Auburn, California.

    e. On or about April 23, 2003, defendant WILLIAMS sent by facsimile from Second Chance Church, San Lorenzo, California, an undated letter to First American Title in Alaska.

    f. On or about April 25, 2003, defendant Williams submitted an addendum to certificate authority, granting Jean O. signature authority on a Wells Fargo Bank basic business checking account opened in the name of Global Missions UN Limited (hereafter "account no. 5203" ) at Wells Fargo Bank, San Ramon, California.

    g. On or about April 27, 2003, defendant WILLIAMS sent by facsimile a letter dated March 5, 2003, to First American Title in Alaska, notifying the title company of the donation to Global of the Alaska property by Joseph S. and Jean O.

    h. On or about May 12, 2003, defendant WILLIAMS sent by facsimile a letter to

Indictment
4

Joseph S. identifying the IRS Employee Identification Number (EIN) of Global.

    i. On or about May 17, 2003, defendant WILLIAMS mailed a package to Joseph S. which contained an assignment of sale agreement and a warranty deed.

    j. On or about May 19, 2003, defendant WILLIAMS caused Jean O. to wire transfer $500,000 from First National Bank account in the name of Mt. Spurr Inc. to Wells Fargo Bank Global account no. 5203.

    k. On or about May 24, 2003, defendant WILLIAMS signed a warranty deed on the Alaska property.

    l. On or about May 30, 2003, defendant WILLIAMS caused the Alaska property to be sold.

    m. On or about May 30, 2003, defendant WILLIAMS opened a Wells Fargo Bank basic business checking account in the name of Global Missions UN Limited (hereafter "account no. 4853") at Wells Fargo Bank, Dublin, California.

    n. On or about May 30, 2003, defendant WILLIAMS sent through the internet to First American Title, Anchorage, Alaska, the bank account number to which defendant WILLIAMS requested the bank wire-transfer the proceeds from the sale of the Alaska property.

    o. On or about May 30, 2003, defendant WILLIAMS caused First National Bank of Alaska to wire-transfer $2,822,287.18 to Wells Fargo Bank, Anchorage, Alaska to pay off the loan on the Alaska property.

    p. On or about June 2, 2003, defendant WILLIAMS caused First National Bank of Alaska to wire transfer $3,377,089.64 into the Wells Fargo Bank, Global Missions Account no. 4853, Dublin, California.

    q. From on or about June 2, 2003, to and including March 1, 2004, at various times, defendant WILLIAMS withdrew funds from Wells Fargo Bank, Global Missions account no. 4853, Dublin, California for his own personal benefit.

    r. On or about June 10, 2003, defendant WILLIAMS wrote a check from Wells Fargo Bank, Global Missions account no. 4853, payable to Bishop of the Faith Vision

Indictment

5

1 | Noble House in the amount of $2,700,000, which was then deposited into the Wells Fargo
2 | Bank Faith Vision Noble House basic business checking account (hereafter "Faith Vision
3 | account") for which defendant VANN had sole signature authority.
4 |     s. On or about June 11, 2003, defendant VANN withdrew $300,000 from the Wells
5 | Fargo Bank Faith Vision account for his own personal benefit.
6 |     t. From on or about June 11, 2003, and continuing to and including February 6,
7 | 2004, at various times, defendant VANN withdrew funds from the Wells Fargo Bank Faith
8 | Vision account.
9 |     u. On or about June 17, 2003, in San Ramon, California, defendant VANN opened
10 | a Wells Fargo Bank basic business checking account in the name of Bishop of the
11 | Sovereign Knights of the Noble House (hereafter Sovereign Knights account).
12 |     v. On or about June 17, 2003, defendant VANN caused a transfer of
13 | $2,000,000 from his Wells Fargo Bank Faith Vision checking account to his Wells Fargo
14 | Bank Sovereign Knights checking account.
15 |     w. On or about July 1, 2003, defendant LITTLE sent to defendant WILLIAMS
16 | through the internet an e-mail with a letter attached that bore the signature block for
17 | "James Preston" with a copy sent to defendant VANN'S email address.
18 |     x. Beginning in or around July 2003, and continuing thereafter, defendant
19 | WILLIAMS routinely failed to return telephone calls or voice messages left by Joseph S.
20 |     y. On or about July 17, 2003, defendant WILLIAMS caused to be incorporated in
21 | the State of Nevada, the business entity Ambassador of Love and Faith in Christ Ministries
22 | Un Limited and His Successors, a Corporation Sole.
23 |     z. In or about August 2003, defendant LITTLE spoke with Joseph S. over the
24 | telephone concerning Joseph S.'s request that Global return the donated property.
25 |     aa. In or about November 2003, defendant VANN, falsely representing himself to
26 | be James Preston, spoke over the telephone to Joseph S. and informed him that he
27 | (VANN) would meet Joseph S. at the Oakland, California airport.
28 |

Indictment

6

  bb.  On or about November 2003, defendant VANN failed to meet Joseph S. at the Oakland, California airport.

  cc.  In or about January 2004, defendant LITTLE spoke over the telephone to Joseph S. informing him that the donations from the sale of the property could not be returned to Joseph S. because the funds had been distributed to various locations.

  dd.  In or about January 2004, defendant WILLIAMS spoke over the telephone to Joseph S., threatening to sue him if Joseph S. contacted the police concerning the donated proceeds.

All in violation of Title 18, United States Code, Section 1349.

**COUNT TWO:** (18 U.S.C. § 1341 - Mail Fraud)

5. The allegations set forth in paragraphs one, three, and four are hereby incorporated by reference as though set forth herein.

6. On or about July 21, 2003, in the Northern District of California, and elsewhere, defendant

JOSEPH LAWRENCE WILLIAMS,

did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did mail and cause to be mailed a letter acknowledging receipt of a $6.6 million donation, in violation of Title 18, United States Code, Section 1341.

**COUNTS THREE THROUGH SEVEN:** (18 U.S.C. § 1343 - Wire Fraud)

7. The allegations set forth in paragraphs one, three, and four are hereby incorporated by reference as though set forth in each of Counts Three through Seven.

8. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants identified below did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially

Indictment

1  false and fraudulent pretenses, representations and promises, well knowing at the time that
2  the pretenses, representations and promises were false and fraudulent when made, and for
3  the purpose of executing such scheme and artifice, did transmit and cause to be transmitted
4  by means of wire communications in interstate commerce, the wire transfers identified
5  below:

| COUNT | DATE | DEFENDANT | WIRE TRANSFER |
|---|---|---|---|
| **Three** | 04/27/03 | WILLIAMS | Letter sent via facsimile from Second Chance Church, San Lorenzo, California to First American Title, Anchorage, Alaska |
| **Four** | 05/19/03 | WILLIAMS | $500,000 from First National Bank of Alaska, Mount Spur, Inc. account, Anchorage, Alaska, to Wells Fargo Bank, San Francisco, California, and deposited into account no. 5203 |
| **Five** | 06/02/03 | WILLIAMS | $3,377,089.64 from First National Bank of Alaska, to Wells Fargo Bank, San Francisco, account no. 4853, Dublin, California. |
| **Six** | 07/01/03 | LITTLE | E-mail sent from defendant LITTLE'S email account at stasv.com to defendant WILLIAMS' email account |
| **Seven** | 11/03 | VANN | Telephone call originating from California to Joseph S. in Arizona |

Each in violation of Title 18, United States Code, Section 1343.

**COUNT EIGHT:** (18 U.S.C. § 1956(a)(1)(A)(i) (Money Laundering - Promotion)

9. On or about June 2, 2003, within the Northern District of California, and elsewhere, defendant

Indictment

8

JOSEPH LAWRENCE WILLIAMS,

did knowingly conduct, and aid and abet, a financial transaction affecting interstate and foreign commerce, that is, the wire transfer of $3,377,090 from a First American Title bank account at the First National Bank of Alaska, to Wells Fargo Bank account no. 4853, Dublin, California, such financial transaction involving the proceeds of the conspiracy to commit mail fraud and wire fraud, as alleged in Count One, with the intent to promote the carrying on of the conspiracy to commit mail fraud and wire fraud, and knowing that the property involved in such financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

**COUNTS NINE THROUGH ELEVEN:** (18 U.S.C. § 1957(a) (Money Laundering - Expenditure)

10. On or about the dates described below, within the Northern District of California, and elsewhere, defendant

KEITH AARON VANN,

did knowingly engage in monetary transactions in criminally derived property of a value greater than $10,000, as described in Counts Nine through Eleven below, said property being derived from a specified unlawful activity, namely, the conspiracy to commit mail and wire fraud, as alleged in Count One:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| **Nine** | 06/11/03 | Deposit of a check for $2,700,000 into a Wells Fargo Bank account in Dublin, California |
| **Ten** | 06/11/03 | Withdrawal of $300,000 from a Wells Fargo Bank account in Dublin, California |
| **Eleven** | 06/17/03 | Transfer of $2,000,000 from the Wells Fargo Bank Faith Vision account to the Wells Fargo Bank Sovereign Knights account. |

Indictment

9

Each in violation of Title 18, United States Code, Section 1957(a).

Dated: April 16, 2008                          A TRUE BILL.

                                               Deputy FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney


W. DOUGLAS SPRAGUE
Chief, Oakland Branch


(Approved as to form: _____ )
                     AUSA CORRIGAN

Indictment

10