CLAIRE LEARY
912 Cole Street, Suite 347
San Francisco, California 94117
T: (415) 255-4640
F: (510) 351-1636
atyleary@aol.com

Attorney for Defendants

WILLIAM JOE LITTLE, JR.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH LAWRENCE WILLIAMS,<br>WILLIAM JOSEPH LITTLE, JR.<br><br>    Defendants. | No. CR 08-0244 DLJ<br><br>Memorandum of Points and Authorities in Support of Defendant Little's<br>Motion to Dismiss for Breach of Plea Agreement<br><br>Hearing: June 19, 2009, 11:00 am<br>Judge: The Honorable D. Lowell Jensen |

**Introduction**

In February 2004, Mr. Little was charged in this District with filing false tax returns. The charges were the result of a lengthy criminal investigation into all of his activities. He was fully debriefed by the Government, and in February 2005 he pleaded guilty. Mr. Little was sentenced to 4 months custody. The United States Attorney's Office for the Northern District of California promised to bring no additional charges that "could result from the investigation in this matter." The events that are charged in this current indictment in CR 08-244 all occurred before Mr. Little pleaded guilty in the first case. They could have, and did result from the prior investigation. This prosecution in CR 08-244 DLJ, therefore, violates the plea agreement, and Mr. Little has a Due Process right to have these charges dismissed.

DEF Little's Mem P&A – Motion to Dismiss
No. CR-08-0244 DLJ

**Facts**

 **The Scope of the First Investigation**

 Sometime prior to 2002, the IRS began a lengthy investigation into Mr. Little's finances, work, and other activities. The United States Attorney's Office for the Northern District of California filed an indictment against Mr. Little on April 6, 2004. The investigation continued after the indictment was handed down, and on April 12, 2004, IRS Agent Doberstein conducted surveillance at 1439 Lincoln Ave (sic - Lincoln Way), Auburn, California. Exhibit A. Global Missions UN Limited was located at 1439 Lincoln Way. The investigation produced many bankers boxes, mostly via subpoena, of materials about Mr. Little's activities and finances. Much of the information was about Quest Foundation Trust. Exhibit B. Mr. Little was debriefed for hours by the United States Attorneys Office for the Northern District of California. He fully answered all of the Government's questions in order to get them to dismiss the charges against his wife, Jill Little. Exhibit C. The Government orally moved at the time of Mr. Little's Plea to dismiss the charges against him, and the Judge Ilston granted that motion.

 **The Plea Agreement in CR 04-211.**

 The Government entered into a plea agreement with Mr. Little in the old case on February 17, 2005. The facts of the plea agreement state that Mr. Little did not report on his federal income tax return for the taxable year 1998 money that Quest Foundation Trust. It also stated that Mr. Little formed a trust and that trust formed the Quest Foundation Trust. Mr. Little agreed to a 4 month sentence of imprisonment followed by a two year term of supervised release. The supervised release term had a condition that Mr. Little serve 4 months on electronic monitoring.

 In turn the Government agreed "not to file or seek any additional <u>"charges against the defendant that could be filed as a result of the investigation that led to the captioned indictment</u>. . . ." Plea Agreement, Exhibit D at 4, para. 13.

 **The Instant Charges in CR 08-244 DLJ**

 The indictment charges that in July 2002 Mr. Little filed papers in Nevada to create Global Missions UN Limited. A key piece of the Government's evidence against Mr. Little appears to be an

email allegedly sent in July 2003, and "signed" "William Joe Little, Jr., Trustee; Quest Foundation Trust." Exhibit E.  Mr. Little is also alleged in August 2003, to have spoken with the "victim" in this case, Joseph S., who supposedly asked that his donation be returned to him. In October of 2003, Joseph and Jean's tax credit was denied by the IRS.  Exhibit F.

According to the Indictment, Mr. Little also allegedly told Joseph S. in January 2004 that his donation could not be returned.

**Argument**

The charges against Mr. Little in the instant indictment should be dismissed with prejudice because they violate the plea agreement the Government and Mr. Little entered into in February 2005. All of the charges in this indictment could have been brought as a result of the old investigation.   The United States Attorney's Office for the Northern District of California clearly promised that they would bring no charges "that could be filed as a result of the investigation that led to the captioned indictment."

Mr. Little has a constitutional Due Process right to have his plea agreement enforced.  See Santobello v. New York, 404 U.S. 257 (1971), United States v. de la Fuente,  8 F.3d 1333, 1337 (9th Cir. 1993).  Plea agreements are contractual in nature and are measured by contract la standards. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir. 1990).   Mr. Little's plea and his jail sentence were clearly the quid pro quo for the Government's promise to bring no more charges.  As such the Government should be forced to uphold its end of the bargain.  There is no ambiguity in the Government's promise, but if ambiguity existed the Court would have to construe it against the drafter – the United States Attorney's Office.  See United States v. de la Fuente, 8 F.3d at 1338.

All of the allegations in the current indictment occurred before Mr. Little's plea.  Indeed, Agent Doberstein conducted surveillance of Global Missions shortly before she arrested Mr. Little on the old charges.  The Quest Foundation was thoroughly investigated by the IRS as part of the old case and here the Government's key evidence against Mr. Little shows him supposedly signing as the Trustee of Quest.  Last, Mr. Little was thoroughly debriefed by the Assistant United States Attorney who prosecuted the old case. The Government had every opportunity to ask Mr. Little about Global

1  Missions. It questioned him for hours. He was fully forthcoming. Mr. Little was attempting to get the United States Attorney's Office to drop the charges it had filed against his wife. He gave information on all activities with that goal in mind. As Joseph and Jean complained about the disallowance of their deduction Mr. Little was under investigation for the old case.

The plea agreement does not bar only charges that the Government knew about. It is not limited to charges that the Government should have known about. Its reach is far broader. Any charges that the Government <u>could have brought as a result of the investigation</u> are included in, and barred by the plea agreement.

Mr. Little has fulfilled his obligation under the contract by pleading guilty and going to jail. The Government should now be required to uphold its end of the bargain by dismissing the charges against Mr. Little. .

## Conclusion

For the foregoing reasons Defendant William Joe Little, Jr. respectfully requests that the charges against him be dismissed.

Dated: May 22, 2009

Respectfully submitted,

/S/
CLAIRE LEARY
Attorney for Defendant
WILLIAM JOSEPH LITTLE, JR.