LIDIA S. STIGLICH, State Bar #182100
STIGLICH & HINCKLEY LLP
149 Natoma Street, Ste 300
San Francisco, California 94105
Telephone:    (415) 865-2539
Facsimile:     (415) 865-2538

Attorneys for Defendant
KEITH AARON VANN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | CASE NO:   CR 08 00244 DLJ |
|---|---|
| Plaintiff, | **DEFENDANT KEITH AARON VANN'S MOTION TO DISMISS THE INDICTMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| JOSEPH LAWRENCE WILLIAMS, WILLIAM JOSEPH LITTLE, JR., KEITH AARON VANN, | Hearing Date: 10/2/09<br>Time:                 11:00 a.m.<br>Court: Hon. D. Lowell Jensen |
| Defendant. | |

TO: JOSEPH P. RUSSONIELLO, UNITED STATES ATTORNEY, AND STEPHEN G. CORRIGAN, ASSISTANT UNITED STATES ATTORNEY, PLEASE TAKE NOTICE THAT on the above date and time or as soon thereafter as the matter may be heard, defendant Keith Aaron Vann will move the Court, the Honorable D. Lowell Jensen, for an order dismissing Count One of the Indictment, as it pertains to Mr. Vann.  This motion is based on this notice and motion, the accompanying memorandum of points and authorities, the United States Constitution, Federal rules of Criminal Procedure, and other applicable laws.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Count One of the Indictment in this case accuses defendant Keith Aaron Vann, as well as codefendants Joseph Williams and William Little, Jr., of conspiring to commit mail and wire fraud. Other counts accuse defendants of committing mail and wire fraud, and of engaging in money laundering. Because the indictment fails to set forth any factual allegations that support a charge of conspiracy against Mr. Vann, Count One of the indictment against Mr. Vann should be dismissed.

## II.    Bill of Particulars

In April of 2009, the defendants filed a bill of particulars arguing that the indictment was vague on all substantive issues. On June 19, 2009, the Court held a hearing on defendants' motion for a bill of particulars. The Court denied the motion and issued an Order that confirms that the alleged conspiracy in this case was a conspiracy to fraudulently deprive victims Joseph S. and Jean O. of millions of dollars. See Order dated 7/13/09, at 3-4 ("Order") ("On its face, the indictment alleges that Defendants devised a scheme to deprive Joseph S. and Jean O. of the Alaska property, as well as $500,000 in cash. . . ."). The order also noted that the only alleged victims identified by the indictment are Jean O. and Joseph S. (Order at 4-5).

## III.   RELEVANT FACTUAL BACKGROUND

On April 16, 2009, the government filed an indictment alleging various acts of fraud against defendants Keith Aaron Vann, Joseph Lawrence Williams and William Joseph Little, Jr. Count One of the indictment alleges that during the time period of approximately July 19, 2002, through March 2004, defendants engaged in a conspiracy to fraudulently induce two siblings, Joseph S. and Jean O., to donate property and funds valued in the area of $3.5 million from their estate to a corporation created by defendants. Although the indictment alleges that the

2

Mot. To Dismiss Indictment                                                          C:\Users\Michon\AppData\Local\Microsoft\Windows\Temporary Internet
                                                                                    Files\Content.IE5\YF129MUJ\van%20recovered[1].doc

conspiracy to induce the donation took place from 2002 until March 2004, the factual allegations contained in the indictment demonstrate that the induced donation took place no later than May of 2003.

The indictment alleges that on July 19, 2002, defendant William Little ("Little") incorporated a business in the state of Nevada called Global Missions UN Limited ("Global"). See Indictment at 4:2-5. The incorporation papers identified defendant Joseph Williams ("Williams") as the Ambassador of Global. Id. Defendant Keith Aaron Vann ("Vann" or "Mr. Vann") is not mentioned in the incorporation papers and there are no allegations that he was involved in establishing Global.

According to the indictment, in late February and early March of 2003, Mr. Williams met with Joseph S. and Jean O., who are siblings, and encouraged them to donate to Global all of their father's estate. (Indictment at 4:6-10). The estate of the sibling's father included commercial property valued at more than $3 million. There are no allegations that Mr. Vann was involved with this meeting, or in the efforts to persuade Joseph and Jean O to donate.

In March 2003, Joseph S. signed and provided to Williams a donation agreement. (Indictment 4:14-17). In April of 2003, Williams notified First American Title Company in Alaska that the Alaskan property had been donated to Global. (Indictment 4:18-27). In May 2003, Jean O wired $500,000 to Global's Wells Fargo banking account. (Indictment 5:4-6). In May 2003, Williams sold the Alaskan property. Williams requested that First American Title in Alaska wire to him the proceeds from the sell. (Indictment 5:14-17). On June 2, 2003, Williams directed that the proceeds from the sale of the Alaskan commercial property (less the loan payoff) be placed in Global's Wells Fargo account in Dublin California. (Indictment 5:18-23). The amount placed into Global's account totaled $3,377,089.64. (Id).

Thus, by June 2, 2003, the proceeds from the sale of the commercial property and the $500,000 transfer of funds had all been delivered to Global's bank accounts. There are no allegations that Mr. Vann was involved in any of the efforts to secure for Global the donations from Joseph S. and Jean O. There are no allegations that Mr. Vann was involved in any of the efforts to liquidate the Alaskan commercial property that had been donated to Global, or to place the proceeds from the liquidation in Global's banking accounts.

Instead, the indictment does not mention any involvement by Mr. Vann until June 11, 2003, when Mr. Vann is alleged to have withdrawn $300,000 from one of Global related banking accounts. (Indictment at 6:4-8). The indictment also alleges that Mr. Vann transferred $2,000,000 from a Global related banking account to another banking account. (Indictment at 6:9-14). The indictment also alleges that Mr. Vann falsely represented himself to Joseph S. as an attorney named "James Preston" in November 2003. (Indictment at 6:25-7:2). All of the alleged activities involving Mr. Vann took place after the object of the conspiracy, the donation to Global, had been achieved.

## IV. ARGUMENT

### A. Dismissal of the Indictment Is Warranted Where It Fails to Present Sufficient and Essential Facts Constituting The Offense Charged

Per the Federal Rules of Criminal Procedure, and supporting case law, an indictment must contain the essential facts constituting the offense charged. Fed Rules Crim Proc. 7. "The instrument [indictment] must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the elements of the specific offense.' " *United States v. Martin*, 783 F. 2d 1449, 1452 (9th Cir. 1986). The requirement that the indictment set forth the facts supporting the charged offenses serves the salutary purpose of informing the Court of the facts alleged, so that it may determine whether the

4

facts are sufficient to support a conviction. *United States v. Conlon*, 481 F. Supp. 654 (D.C. 1979).

Here, as demonstrated below, the indictment fails to set forth essential facts demonstrating that Mr. Vann participated in the charged conspiracy. The indictment broadly accuses Mr. Vann of conspiracy, but the factual allegations fail to demonstrate that the elements of conspiracy apply to Mr. Vann. Accordingly, the indictment is defective and should be dismissed.

### B. The Indictment Fails To Allege Any Facts Demonstrating That Defendant Vann Conspired to Obtain Donations From Joseph S. and Jean O.

A conspiracy is an agreement between two or more persons to join together to accomplish an illegal objective, with intent to commit the underlying offense. *United States v. Reed*, __ F.3d __, (9th Cir. 2009), WL2366556; *United States v. Iriarte-Ortega*, 113 F.3d 1022, 1024 (9th Cir. 2007). Here, the indictment alleges that the defendants conspired to fraudulently convince siblings Joseph S. and Jean O. to donate over $3 million.[1] Per the indictment, Mr. Williams created a corporation, and with Mr. Little set out to convince the siblings to donate to the corporation. To that end, Williams and Little told the siblings that the corporation was a church, and that any donations would be tax deductible. In their effort to convince the siblings to donate to the corporation, Mr. Williams and Mr. Little also told the siblings that their donation would be used for charitable purposes, and could be applied directly to their tax liabilities. According to the indictment, the efforts of Mr. Little and Mr. Williams were successful and the siblings donated commercial property worth millions to the corporation established by Mr. Williams.

---

[1] The definition of the object of the alleged conspiracy set forth in indictment is derived from the language of the indictment, as confirmed by the Court's Order re: the Motion for Bill of Particulars.

What is missing from the indictment is any allegation that Mr. Vann was involved in the efforts to obtain donations to the corporation from the siblings. Instead, the indictment details in full the actions of Williams and Little, including numerous banking transfers, that were used to secure the donation. Notably, per the indictment, Mr. Vann was not involved in any of the efforts to persuade the siblings to donate. Indeed, the indictment makes clear that any involvement of Mr. Vann did not occur until after the sibling's donation had been secured. The first mention of Mr. Vann in the chronology of overt acts set forth in the indictment does not occur until June of 2003, after the donation has been secured, the indictment alleges that Vann withdrew $300,000 from the account in which the donation had been deposited. The indictment also alleges that in November 2003, Vann falsely represented himself as an attorney named James Preston during a telephone conversation with Joseph S. Again, this conversation allegedly took place long after Williams and Little had convinced Joseph S. and Jean O. to donate to Global.

Thus, even if everything stated in the indictment were taken as true, the indictment does not allege facts demonstrating that Mr. Vann conspired with the other defendants to deprive the victims of their donation. It is clear from the indictment that Mr. Vann was not involved with events in this case until the conspiracy to obtain the donation by fraudulent means had ended.

A conspiracy ends when the conspirators achieve the main object of their conspiracy. *United States v. Vowiell*, 869 F.2d 1264, 1270 (9th Cir. 1989). Thus, a conspiracy to commit robbery ends when the conspirators have each obtained some of the loot. (*Id.*). *See also Fiswick v. United States,* 329 U.S. 211, 216 (1946) (though the result of a conspiracy may be continuing, the conspiracy does not thereby become a continuing one). Here, the conspiracy to deprive the siblings of the money used as a donation began before Mr. Vann became involved in this matter,

and was completed before Mr. Vann became involved in this matter.  Accordingly, the conspiracy charge against Mr. Vann should be dismissed.

## **CONCLUSION**

For the reasons stated above, Defendant respectfully requests that the motion to dismiss the indictment be granted.

Dated:                                              Respectfully Submitted,

                                                  By:_____
                                                      LIDIA S. STIGLICH
                                                      Attorneys for Defendant
                                                      KEITH AARON VANN

## PROOF OF SERVICE

I, _____, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the law offices of STIGLICH & HINCKLEY LLP, 149 Natoma Street, Ste 300, San Francisco, California 94105.

On September 4, 2009, I served the attached:

**DEFENDANT KEITH AARON VANN'S MOTION TO DISMISS THE INDICTMENT**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

**Stephen Corrigan, Esq.**
**Office of the United States Attorney**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

and served the named document in the manner indicated below:

☐ **BY MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at 502 Seventh Street, San Francisco, California 94103, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☒ **BY PERSONAL SERVICE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐ **BY FACSIMILE**: I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was (415) 865-2538. The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile machine to print a transmission record.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 4, 2009, at San Francisco, California.

Mot. To Dismiss Indictment

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28