| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH LAWRENCE WILLIAMS,<br>WILLIAM JOSEPH LITTLE, JR.,<br>KEITH AARON VANN,<br><br>Defendant. | NO. CR-08-0244-DLJ<br><br>**ORDER DENYING DEFENDANT VANN'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT.** |

On October 2, 2009, the Court heard oral arguments on Defendant Keith Aaron Vann's motion to dismiss Count One of the indictment on the ground that the indictment fails to state sufficient facts to support the charged offense. The Government opposes the motion. After considering the papers submitted, oral arguments, and applicable law, the Court DENIES the motion.

### I. BACKGROUND

**A.    Factual Background and Procedural History**

On April 16, 2008, the Government filed an indictment charging Joseph Lawrence Williams ("Williams"), William Joseph Little, Jr. ("Little"), and Keith Aaron Vann ("Vann"). Count One of the indictment charges each defendant with Conspiracy to Commit Mail and Wire Fraud pursuant to 18 U.S.C. § 1349 allegedly committed between July 2002 and March 2004. All of the defendants entered a plea of not guilty. Vann now moves to dismiss Count One of the indictment as it pertains to him.

The indictment sets forth the manner and means upon which the alleged conspiracy was carried out:

- On July 19, 2002, Little incorporated Global Mission Unlimited ("Global") in the State of Nevada.
- Between February 2003 and March 2003, Williams met with and persuaded Joseph S. and Jean O. to donate their father's Alaskan estate to Global.
- On April 27, 2003, Williams sent a letter to First American Title in Alaska to notify them of Joseph S. and Jean O.'s donation to Global.
- In May of 2003, Williams caused Jean O. to wire $500,000 to Global's bank account (No. 5203) from First National Bank, and Williams signed the warranty deed to the Alaska property.
- On May 30, 2003, Williams sold the Alaska property and opened a new bank account for Global (No. 4853) where First American Title wired $2,822,287.18 to pay the loan on the property.
- On June 2, 2003, Williams caused First National Bank to wire $3,377,089.64 to Global's new 4853 account.

The indictment also sets forth overt acts designed to further the alleged conspiracy:

- On June 10, 2003, Williams wrote a check to Bishop of the Faith Vision Noble House ("Faith Vision") for $2,700,000, which Vann had exclusive control over.
- On June 11, 2003, Vann withdrew $300,000 from the Faith

1    Vision account allegedly for his personal benefit.
- On June 17, 2003, Vann opened a new account under the name Bishop of the Sovereign Knights ("Sovereign Knights"), and transferred $2,000,000 from the Faith Vision account to the Sovereign Knights account.
- In November 2003, Vann misrepresented himself as "James Preston" to Joseph S. and promised to meet with him at the Oakland airport in California, but to no avail.
- In January 2004, Little told Joseph S. that the donation made to Global could not be returned because it had already been distributed. Williams also threatened to sue Joseph S., if he contacted the police.

**B.    Legal Standard**

   **1.    Indictment**

An indictment must contain a plain, concise, and definite statement of the essential facts constituting the offense charged. Fed. R. Crim. P. 7. The offense charged need not be in its precise statutory language, United States v. Cluchette, 465 F.2d 749, 753 (9th Cir. 1972), and must be "read to include facts which are . . . implied by the allegations . . . ." United States v. Anderson, 532 F.2d 1218, 1222 (9th Cir. 1976).

   **2.    Conspiracy**

Generally, a conspiracy requires that two or more people willingly enter into an agreement with the intent to achieve an

illegal objective, and an overt act to further that objective. United States v. Hubbard, 96 F.3d 1223, 1226 -1227 (9th Cir. 1996). At common law, an overt act is not required. United States v. Shabani, 513 U.S. 10, 13 (1994). Existence of an agreement may be inferred, if the parties in question acted in concert with each other to accomplishment the illegal objective. Id. Once evidence of a conspiracy has been established, only a slight connection to the conspiracy is necessary to find someone liable. Id.

## II. DISCUSSION

Vann initially argues that the conspiracy alleged in the Indictment ended when money and property stolen from Joseph S. and Jean O. was deposited into Global's account. Vann then argues that the Indictment alleges overt acts by Williams and Little before that time, but says nothing about Vann, and, as a result, Vann is excluded from the conspiracy. This argument fails.

First, fraud extends beyond the acquisition of property or money, given that its purpose is to create a false sense of security in the victim and delay any claims. United States v. Sampson, 371 U.S. 75, 80-81 (1962); United States v. Maze, 414 U.S. 395, 403 (1974). Thus, Vann's alleged acts, which appear to be delay tactics, occurred while the conspiracy was ongoing. Second, Vann was charged pursuant to 18 U.S.C. § 1349, which does not require proof of an overt act. As such, a common law definition of conspiracy applies, making proof of an agreement to conspire alone

4

sufficient to warrant liability. United States v. Shabani, 513 U.S. 10, 13 (1994). In any event, overt acts are alleged in the indictment.

The gravamen of Vann's motion, therefore, is that Count One of the Indictment should be dismissed as to him because it fails to present sufficient facts to show that Vann agreed to conspire to commit the charged offense. This argument also fails.

As noted, an Indictment need only contain a plain and concise statement of the facts constituting the offense charged. Here, the Indictment alleges that between July 2002 and March 2004, Little, Williams, and Vann conspired to commit Mail and Wire Fraud against Joseph S. and Jean O. Specifically, that Little and Williams extracted money and title to property from Joseph S. and Jean O. while Vann benefitted from and furthered those activities by transferring portions of that money to new and different bank accounts created by Vann.

Although the Indictment does not explicitly state the evidentiary circumstances that would establish that Vann, Little, and Williams agreed to defraud Joseph S. and Jean O., it does state that they conspired to do so between 2002 and 2004. Facts supporting the existence of an agreement would more fully allege an agreement, but they are not required when they can be fairly implied from the allegations. The Government is not required to prove its case in the indictment.

Because the Indictment alleges that Vann, Little, and Williams conspired to defraud Joseph S. and Jean O. between July 2002 and March 2004, an alleged agreement to commit the charged offense can be inferred and need not be specifically stated. Greater detail is provided in the process of pre-trial discovery. Therefore, the Indictment is valid and presents sufficient facts to support the offense charged against Vann.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED: October 7, 2009

_____
D. Lowell Jensen
United States District Judge