```
HUGH ANTHONY LEVINE (CSBN 69857)
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 732-6101
Facsimile: (415) 255-7264
Email: halesq@ix.netcom.com

Attorney for Defendant VANN
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 08-0244-DLJ |
| ) | |
| Plaintiff, ) | NOTICE OF MOTION AND MOTION TO EX- |
| ) | CLUDE DEFENDANT'S STATEMENTS TO |
| vs. ) | CASE AGENTS UNDER FRE 410; POINTS |
| ) | AND AUTHORITIES; SUPPORTING DECLA- |
| JOSEPH LAWRENCE WILLIAMS, ) | RATION. |
| WILLIAM JOSEPH LITTLE, JR., ) | |
| KEITH AARON VANN, ) | Hearing Date:  Sept. 10, 2010 |
| ) | Hearing Time:  10:00 a.m. |
| Defendants. ) | [Evidentiary Hearing Requested] |
| ) | [Time excludable *per* 18 U.S.C.- |
| ) | §3161(h)(1)(F)]. |

    TO THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA:

    NOTICE IS HEREBY GIVEN that on September 10, 2010, at 10:00 a.m., before the Honorable D. Lowell Jensen, defendant Keith Aaron Vann will move for an order excluding as evidence in the trial of this case any and all statements purportedly made by the defendant

**Defendant Vann's Mtn.** *per* **FRE 410**           1

to FBI Special Agent Todd Miller and/or IRS Special Agent Anita Dobberstein on July 17, 2007 during an interview of the defendant by these agents at his residence.

This motion is brought pursuant to Rule 12(b)(2) and (3)(C) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, on the ground that any statements made by the defendant during this interview were made after these agents told Mr. Vann that AUSA Stephen Corrigan had authorized them to advise him that he they were seeking his cooperation against Joseph Williams and William Little and he reasonably believed that in return for his cooperation with the federal authorities he would receive a beneficial resolution of his own involvement, and thus were "statements made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty . . . ."

The motion is based upon the annexed Declaration of Keith Aaron Vann with exhibits and Memorandum of Points and Authorities, the prior papers and proceedings in this action, and upon such other evidence as made be taken at the hearing of the motion.

Dated:  August 4, 2010

                                                         Respectfully submitted,

                                                         _____/s/_____

                                                         HUGH ANTHONY LEVINE
                                                         Attorney for Defendant VANN

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Introduction**

Rule 410 of the Federal Rules of Evidence (hereafter, FRE) provides, in relevant part:

> "Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the pleas or was a participant in the plea discussions: * * * (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn. * * *."

(*See*, also, Rule 11(f) of the Federal Rules of Criminal Procedure (hereafter, FRCrP), which provides:

> "The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410").

(The term "plea discussion" as used in these rules logically must be construed to encompass dispositions other than actual guilty pleas, such as immunity grants, deferred prosecution, diversion programs, and non-prosecution, all of which are common sub-sets of the generic process termed "plea-bargaining" and all of which invariably "do not result in a plea of guilty").

**Defendant Vann's Mtn.** *per* **FRE 410**     3

As stated in a leading evidence treatise:  "Such statements are excluded to promote the practice of plea bargaining." Cotchett, *Federal Criminal Evidence* (5th ed.), §410.4, p. 10-36.

## Argument

While FRE 410 expressly refers to "<u>any statement made in the course of plea discussions with an attorney for the prosecuting authority</u>," federal courts have extended the Rule to a defendant's statements to federal and state law enforcement agents in circumstances where he or she reasonably believed that an agent was communicating the prosecutor's position.  Thus, as one court put it:  "Even if the government negotiator is not an attorney, the evidentiary rule excluding plea negotiations may apply." ***United States v. Harris***, 657 F.Supp.2d 1267, 1271 (N.D. Fla. 2009) (suppressing under FRE 410 defendant's statements to deputy sheriff who was working with joint federal-state narcotics task force).

Numerous federal appellate and district court decisions likewise have defined the scope of FRE 410 as including defendants' statements to law enforcement officers who were not prosecuting attorneys; *see*, *e.g.*, ***United States v. Sitton***, 968 F.2d 947, 957 (9th Cir. 1992), *cert. denied* 506 U.S. 979, *cert. denied*, 507 U.S. 929 (conversations with government agents do not constitute plea discussions for purposes of admissibility of statements made in those conversations, <u>unless</u> defendant exhibits a subjective belief that he is negotiating a plea and that belief is reasonable under the circumstances); ***United States v. Castillo***, 615 F.2d 878, 885 (9th Cir. 1980) (prison inmate had no reasonable

1 intention to negotiate with his prison counselor about stabbing
2 another inmate to death); ***Rachlin v. United States***, 723 F.2d 1373,
3 1376 (8th Cir. 1983) (Rule 410 applies if "law enforcement official
4 is acting with express authority from a government attorney";
5 ***United States v. Grant***, 622 F.2d 308, 310 (8th Cir. 1980) (Rule 410
6 protected defendant's statement to FBI agents during interrogation
7 in which agents said "the U.S. Attorney would let him plead to one
8 count indictment" if defendant cooperated); ***United States v.
9 Smith***, 525 F.2d 1017 (10th Cir. 1975) (offer by defendant subject
10 to federal and state charges to plead guilty to all federal
11 charges in return for incarceration in federal prison held
12 inadmissible); ***United States v. Bridges***, 46 F.Supp.2d 462, 466-67
13 (E.D. Va. 1999) (whether discussions between accused and law
14 enforcement agent are protected plea negotiations is determined by
15 "specific facts and circumstances surrounding the interchange at
16 issue"); ***United States v. Melina***, 868 F.Supp. 1178 (D.Minn. 1994)
17 (defendant had actual subjective expectation that he was
18 negotiating at time of self-incriminating statements with regard
19 to arson charges, and thus, statements were made during "plea
20 discussions" and were inadmissible even though there was no direct
21 evidence that defendant intended to plead guilty to reduced
22 charge); *cf.*, ***United States v. Herman***, 544 F.2d 791 (5th Cir. 1977)
23 (where defendant made incriminating statements to postal inspect-
24 tors, in which he sought to have government drop murder charges in
25 return for his guilty plea to robbery charges, the statements were
26 inadmissible even though the postal inspectors had no authority to
27 negotiate such a plea); ***United States v. Brooks***, 536 F.2d 1137 (6th
28 Cir. 1976) (defendant's statements to postal inspectors that he

**Defendant Vann's Mtn.** *per* **FRE 410**     5

would plead guilty for a maximum sentence of two years was admitted in violation of rule; conviction reversed); **United States v. Smith**, 525 F.2d 1017 (10th Cir. 1975) (offer of defendant subject to federal and state charges to plead guilty to all federal charges in return for incarceration in federal prison were inadmissible under the rule).

As the district court reasoned in **United States v. Harris**, *supra*, 657 F.Supp.2d 1267, 1274:

> "The Government's argument that the statements must be admissible because they were not made to an Assistant United States Attorney or an agent with authority to negotiate for such an attorney is unpersuasive because the proper test examines the totality of the circum-stances informing the defendant's belief, not the objec-tive express authority of the government negotiator."

Likewise concluding that the government agent's objective authority is not dispositive of the issue of admissibility *vel non* under FRE 410, the Ninth Circuit has stated:

> "This circuit has adopted a two-tiered test for determining whether an admission by a criminal defendant is made in the course of plea negotiations. The defen-dant must exhibit an actual subjective intent to nego-tiate a plea at the time of the discussion and the expectation of negotiating a plea at that time must be reasonable, given the totality of the circumstances."

**Defendant Vann's Mtn.** *per* **FRE 410**              6

*United States v. Castillo*, supra, 615 F.2d 878, 885 (9th Cir. 1980), citing *United States v. Pantohan*, 602 F.2d 855, 857 (9th Cir. 1979).

The Ninth Circuit formulation in *Castillo* is simply an expression of rudimentary agency law. Not for nothing are federal law enforcement agents titled "agents." FBI Special Agent Todd Miller is an employee of the U.S. Department of Justice, as is Assistant U.S. Attorney Stephen Corrigan with whom he and IRS Special Agent Anita Dobberstein are partnered in the instant investigation and prosecutions. In these respective capacities the agents perform investigative tasks at the behest of and/or on behalf of the prosecutor. Being agents of the prosecutor these FBI and IRS agents, as a matter of hornbook agency law, have the apparent authority to affect a third party's relationship with the prosecutor, such as Mr. Vann's relationship under FRE 410; *see*, *e.g.*, A.L.I. Restatement of the Law (Third), *Agency*, vol. I, §2.03:

> "Apparent authority is the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations."

**Defendant Vann's Mtn.** *per* **FRE 410**            7

Here, Mr. Vann's reasonable belief that the agents were speaking for the prosecutor in seeking his cooperation against Williams and Little is evidenced by multiplicity of circumstances:

- In previous interviews with law enforcement officers investigating the Studnek donation matter, defendant had not made any inculpatory statements;

- The agents expressly stated that they were at his house to offer him a deal and were speaking for AUSA Corrigan and conveying the prosecutor's desire to have Mr. Vann's cooperation against Williams and Little;

- It is unlikely that Mr. Vann could have known the name "Corrigan" or that AUSA Corrigan was handling the Studnek donation investigation unless the agents told him;

- Agent Dobberstein's own report uses the word "cooperate" and memorializes that, at the conclusion of the interview, the agents requested and Mr. Vann agreed to provide records relating to the Studnek donation;

- After Mr. Vann made a complete confession of his involvement the agents did not arrest him;

**Defendant Vann's Mtn.** *per* **FRE 410**              8

- Agent Miller provided Mr. Vann with his business card and wrote his new telephone number on it to aid Mr. Vann in communicating with him;

- Agent Miller thereafter met with Mr. Vann on several occasions for the purpose of taking delivery of documents Mr. Vann provided;

- Agent Miller told Mr. Vann that AUSA Corrigan was happy with his cooperation;

- Eventually Mr. Vann met with AUSA Corrigan and the prosecutor confirmed his desire for Mr. Vann's cooperation and referred Mr. Vann to the Federal Public Defender's Office for legal counsel to represent him in effectuating it.

## Conclusion

The facts shown in Mr. Vann's declaration as applied to the authorities discussed herein plainly demonstrate that an evidentiary hearing should be conducted on this issue, and that Agents Miller and Dobberstein, as well as Assistant U.S. Attorney Corrigan, should testify in that hearing.

Upon a finding by the Court that Mr. Vann subjectively and reasonably believed that in return for his cooperation he would receive a favorable disposition, the Court should enter an order excluding as evidence all of his statements during the meeting at

1 his residence on July 17, 2007, as well as the fruits of those
2 statements.

4 Dated: August 4, 2010

6                                       Respectfully submitted,

7                               _____/s/_____

9                                   HUGH ANTHONY LEVINE
                                  Attorney for Defendant VANN

Case4:08-cr-00244-SBA Document109 Filed08/04/10 Page10 of 10

**Defendant Vann's Mtn.** *per* **FRE 410**         10