BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

STEPHEN G. CORRIGAN (MASBN 100560)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3701
   Fax: (510) 637-3701

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>KEITH VANN, et al.,<br>    Defendant. | No. CR 08-00244 DLJ<br><br>RESPONSE TO DEFENDANT VANN'S MOTION TO DISMISS INDICTMENT<br><br>Date: October 14, 2011<br>Time: 10:00 a.m. |

    The United States of America, by and through Brian J. Stretch, Acting United States Attorney for the Northern District of California, and Stephen G. Corrigan, Assistant United States Attorney, hereby opposes Defendant Keith Vann's motion to dismiss the indictment. This court has jurisdiction over this criminal matter and has personal jurisdiction over Vann. Vann failed to state any other cognizable claim in his motion. The motion to dismiss must be denied.

I.    **BACKGROUND**

    On September 2, 2011, Defendant Vann filed a pro se motion to dismiss the pending criminal charges. In that motion, Vann purported to reserve his rights under Uniform Commercial Code (UCC) section 1-308, stating: "I reserve my right not to be compelled to perform under any contract or commercial agreement that I did not enter knowingly, voluntarily and intentionally.

And furthermore, I do not accept the liability of the compelled benefit of any unrevealed contract or commercial agreement." CR 156 at 1-2.  Vann made no additional explanation for the basis of his motion.

Based on its reading of Vann's filing, the government interprets the motion as a challenge to this Court's jurisdiction over this matter and over Vann.  If the Court interprets Vann's motion differently, the government seeks leave to file a supplemental response to address any arguments not addressed herein.

II.     **RESPONSE**

      **A.     This Court has subject matter jurisdiction over the pending criminal matter.**

The district court has original jurisdiction, "exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.  On April 16, 2008, a federal grand jury returned an indictment charging Vann with violations of federal law. CR 1 (charging violations of 18 U.S.C. §§ 1343, 1349, and 1957(a)).  This court had subject matter jurisdiction over this case.

      **B.     This Court has personal jurisdiction over Defendant Vann.**

Because this Court has subject matter jurisdiction over this criminal matter, it also has personal jurisdiction over the defendants charged. *See United States v. Williams*, 341 U.S. 58, 65-66 (1951) ("The District Court had jurisdiction of offenses against the laws of the United States. Hence, it had jurisdiction of the subject matter, to wit, an alleged violation of a federal conspiracy statute, and, of course, of the persons charged.") (Internal citations omitted).

      **C.     The Uniform Commercial Code has no effect on this Court's jurisdiction.**

Defendant's invocation of the Uniform Commercial Code has no effect of this Court's jurisdiction.  The UCC is the product of a joint effort by two private organizations – the National Conference of Commissioners on Uniform State Laws and the American Law Institute.  It is not binding law, but rather a recommendation of commercial laws subject to adoption by state legislatures.  Federal law controls this Court's jurisdiction, the UCC has no bearing.

Courts faced with similar challenges have held them to be frivolous. *See United States v. Zenker*, 1996 U.S. App. LEXIS 21364, *2 (9th Cir. 1996) ("Zenker argues that the Uniform

Commercial Code somehow preempted his criminal prosecution, and precluded the district court from exerting jurisdiction over his case. These claims are frivolous."); *United States v. Sykes*, 614 F.3d 303 (7th Cir. 2010) (describing defendant's claim that UCC relieved him of criminal liability as "bizarre"). This Court should, likewise, summarily deny Vann's motion.

### III. CONCLUSION

For the reasons stated above, Vann's motion to dismiss the indictment must be denied.

DATED: September 28, 2011

Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

/S/
_____
STEPHEN G. CORRIGAN
Assistant United States Attorney