# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KEITH AARON VANN,<br><br>    Defendant. | Case No: CR 08-00244 SBA<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On April 16, 2008, the Government filed a multi-count indictment against Keith Aaron Vann ("Vann") charging him with: Conspiracy to commit mail and wire fraud, 18 U.S.C. § 1349 (Count One); wire fraud, id. § 1343 (Count Seven); and money laundering-expenditure, id. § 1957(a) (Counts Nine, Ten and Eleven).

The Court held the pretrial conference in this action on June 12, 2012, and a jury trial is scheduled to commence on Wednesday, December 12, 2012. As of May 16, 2012, the parties are not permitted to submit any filing to Court without prior leave. Dkt. 228.

On December 7, 2012, Vann filed the following documents: Petition for the Writ of Habeas Corpus to the United States District Court Northern District of California by Affidavit ("Petition"); Writ of Habeas Corpus, Habeas Corpus and Notice of Hearing ("Writ"); Affidavit and Notice of Personal Service for Writ with Evidence, Writ of Habeas Corpus and Notice of Hearing; and Praecipe to the Clerk of Courts (Writ of Instruction to the Clerk of Courts) Regarding Petitioner's Petition to the United States District Northern

District of California for the Issuance of a Writ of Habeas Corpus (collectively referred to as "Writ Petition"). Vann's Writ Petition fails both procedurally and substantively.

As an initial matter, Vann's Writ Petition is improper, as he failed to obtain prior leave of court before filing said matter. But even if the Writ Petition were properly filed, the Court has no jurisdiction to consider it. Although Vann fails to recite the legal authority for his Writ Petition, the Court notes that federal habeas corpus relief is governed by 28 U.S.C. § 2241. That provision applies to "a prisoner," inter alia, held "*in custody* in violation of the Constitution, laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). As such, "[t]he federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed." Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. Id. Though physical custody is not a prerequisite for habeas jurisdiction, see Maleng v. Cook, 490 U.S. 488, 490-91 (1989), "severe restraints on individual liberty" must be present for jurisdiction to exist, see Hensley v. Municipal Court, 411 U.S. 345, 351 (1973).

Here, Vann, who has been on pretrial release since April 17, 2008, asserts that his "liberty" is being restrained by virtue of having to "involuntarily participate" as a party-defendant in the instant criminal proceeding. Petition at 8; see also 4/17/08 Minute Order (placing Vann on pretrial release), Dkt. 5.[1] Vann cites no legal authority—nor is the Court aware of any—for the extraordinary proposition that the prospect of facing a criminal trial is tantamount to being "in custody" for purposes of federal habeas jurisdiction. If that were

---

[1] Vann also alleges that the Government has failed "to fully disclose . . . the nature and cause of the . . . action[.]" Petition at 8. To the extent Vann is challenging the sufficiency of the Indictment, the Court has previously rejected such claim on multiple occasions. Dkt. 176 at 4; Dkt. 232 at 2. Vann also claims that the instant criminal action "was sold as part of the Fidelity Puritan Fund," and therefore, the Government no longer can prosecute the action against him. Writ at 3-4. This contention is frivolous.

the case, every defendant awaiting trial would have standing to bring a section 2241 petition, which clearly is not the law. Accordingly,

IT IS HEREBY ORDERED THAT Vann's Writ Petition is DENIED. Vann is again warned that he may not file any motions or documents without prior leave of Court. In addition, he must meet and confer with the Government prior to filing any motion in a good faith effort to resolve the dispute without judicial intervention, and must certify in writing that he has done so. Any documents filed in violation of these requirements will be stricken from the record.

IT IS SO ORDERED.

Dated: December 10, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

UNDER SEAL et al,

      Plaintiff,

 v.

UNDER SEAL et al,

      Defendant.
_____/

Case Number: CR08-00244 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 10, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keith Aaron Vann
c/o 35 Shadow Mountain Street
Oakland, CA 94605

Dated: December 10, 2012

                              Richard W. Wieking, Clerk

                                    By: Lisa Clark, Deputy Clerk