UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH AARON VANN,<br><br>Defendant. | Case No: CR 08-00244 SBA<br><br>**ORDER DENYING DEFENDANT KEITH AARON VANN'S THIRD MOTION TO DISMISS**<br><br>Dkt. 246 |

The parties are presently before the Court on Defendant Keith Aaron Vann's pro se motion styled as "Petitioners [sic] Verified Appearance in the Form of a Notice of Motion and Motion to Dismiss; Violation of the 6th Amendment; 28 U.S.C. § 1867(A) [sic]; 28 U.S.C. § 1867(F) [sic]." Dkt. 246. Having read and considered the papers submitted and being fully informed, the Court DENIES Vann's motion.

I. **BACKGROUND**

On April 16, 2008, the Government filed a multi-count indictment against Vann charging him with: Conspiracy to commit mail and wire fraud, 18 U.S.C. § 1349 (Count One); wire fraud, id. § 1343 (Count Seven); and money laundering-expenditure, id. § 1957(a) (Counts Nine, Ten and Eleven).

During these proceedings, Vann has been represented by several court-appointed attorneys, and has filed numerous motions, including multiple motions to dismiss.[1] On September 6, 2011, Vann filed his first pro se motion to dismiss based vaguely on the Uniform Commercial Code. Dkt. 156. The Court denied the motion on November 9, 2011. Dkt. 176.

On January 27, 2012, Vann filed a second pro se motion to dismiss, which the Court denied as incomprehensible on June 14, 2012. Dkt. 179, 184, 232.

In accordance with the Court's pretrial scheduling order, the parties filed their pretrial documents on February 21, 2012, and motions in limine on February 28, 2012. The pretrial conference was originally set for May 22, 2012. However, on May 16, 2012, the Court continued the pretrial conference to June 12, 2012. Dkt. 228. Since the deadline for all pretrial filings had passed, the Court's order included the proviso that "[t]he parties shall not submit any further filings without prior leave of court." Id. The pretrial conference took place as scheduled. Dkt. 229. Trial is now scheduled to commence on December 12, 2012. Dkt. 257.

On November 2, 2012, Vann filed a third pro se motion to dismiss, which is now before the Court. Dkt. 246. Vann first argues that, pursuant to 28 U.S.C. § 1867(a), the Court must dismiss the action "based on the substantial failure to comply with the provisions of this title in selecting the grand jury that allegedly brought the indictment." Mot. at 2. Alternatively, Vann requests that the Court order the production of information concerning the "citizenship and residential qualifications of grand jurors[.]" Id. As a separate basis for dismissal, Vann argues that no federal court has any legal authority to preside over his criminal prosecution. Id. at 9. The United States has not filed a response to the motion, presumably because Vann filed his motion without prior leave of Court and

---

[1] Vann has been represented by three separate CJA attorneys, and is now representing himself pro se, with Warrington S. Parker III acting has his standby counsel. Dkt. 238.

failed to notice it for a hearing. Nonetheless, as will be set forth below, Vann's arguments are meritless.

## II. DISCUSSION

### A. GRAND JURY CLAIM

Under the Jury Selection and Service Act, a criminal defendant "may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. 1867(a). A motion under section 1867(a) must be made either before the voir dire examination begins or seven days after the defendant discovered or could have discovered the grounds therefor, whichever is earlier. Id. In addition, the motion must be accompanied by a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions" of that title. See United States v. Dean, 487 F.3d 840, 849 (11th Cir. 2007). Section 1867(f) affords criminal defendants the right to request access to jury selection records in connection with bringing a motion under section 1867(a). See United States v. Diaz, 236 F.R.D. 470, 477 (N.D. Cal. 2006).

In the instant case, Vann's motion fails on both procedural and substantive grounds. As a threshold matter, Vann's motion is not properly before the Court. As noted, the Court's May 16, 2012, order stated that "[t]he parties shall not submit any further filings without prior leave of court." Dkt. 228. Yet, Vann neither sought nor obtained leave of Court prior to filing the instant motion to dismiss.

In addition, Vann's motion is untimely. A motion under section 1867(a) must be brought no later than "seven days after the defendant discovered or could have discovered" the "grounds" for the motion. 28 U.S.C. § 1867(a). Vann does not allege that he recently discovered *grounds* for the motion; rather, he merely states that he just learned of his "right" to bring such a motion. Vann Decl. ¶ 1, Dkt. 247. In any event, given that the indictment was filed well over four years ago on April 16, 2008, there is no reason that Vann could not have brought his motion much earlier in the action, instead of on the eve of

trial. See Thornburg v. United States, 574 F.2d 33, 36 (1st Cir. 1978) (challenge under section 1367 waived due to untimely assertion).

Procedural flaws aside, Vann's motion fails on the merits. "Substantial noncompliance" with grand jury selection procedures pertains to instances in which a defendant alleges that the grand jury is not representative of the community. United States v. Cannady, 54 F.3d 544, 546-47 (9th Cir. 1995). To make such a showing, the defendant must establish the following:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which the juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury selection process.

Id. (quoting Duren v. Missouri, 439 U.S. 357, 364 (1979). Here, Vann makes no showing under the aforementioned test. Rather, he merely asserts that "no grand jury, including the District of Columbia[,] can be qualified to bring any indictment against him" because he has "never resided on any federal territory, the District of Columbia or any possession of the United States." Id. ¶¶ 2-3. These assertions are facially frivolous and unsupported, and otherwise have no bearing on whether the indictment is subject to dismissal under section 1867(a). Thus, for all of the foregoing reasons, the Court rejects Vann's arguments for dismissal.[2]

### B. JUDICIAL AUTHORITY UNDER ARTICLE III

Vann next contends that "none of the federal trial courts in any of the 50 states found in the United States have [sic] been ordained and established as Article III courts," and for that reason, the indictment must be dismissed. Mot. at 9. Nonsense. Article III of the United States Constitution provides that the judicial power of the United States "shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to

---

[2] Vann's alternative request for the production of jury records under section 1867(f) is untimely and is little more than another dilatory tactic by Vann to delay the proceedings. See People of Territory of Guam v. Palomo, 511 F.2d 255, 257 (9th Cir. 1975).

time ordain and establish." U.S. Const. art. III, § 2. Pursuant to this provision, Congress created the district courts, 28 U.S.C. § 132 ("There shall be in each judicial district a district court ..."); 28 U.S.C. § 84 (establishing the four judicial districts in California), and conferred on the district courts "original jurisdiction . . . of all offenses against the laws of the United States," 18 U.S.C. § 3231. Thus, the Court finds no merit to Vann's argument that this Court lacks authority to preside over his criminal prosecution.[3]

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDEDER THAT Defendant Vann's third motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: December 10, 2012

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[3] Vann also asserts that following the enactment of Article III to the United States Constitution, "a conspiracy was conceived to pass off the United States district courts as Article III courts of the United States." Mot. at 9. He provides no legal or factual support for this farcical contention.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

UNDER SEAL et al,

       Plaintiff,

 v.

UNDER SEAL et al,

       Defendant.
_____/

Case Number: CR08-00244 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keith Aaron Vann
c/o 35 Shadow Mountain Street
Oakland, CA 94605

Dated: December 11, 2012

                                   Richard W. Wieking, Clerk

                                   By: Lisa Clark, Deputy Clerk